Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 2327 | DATE | 2/26/2001 |
| CASE TITLE | Alvarado vs. Genova, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion in limine to bar testimony, and/or to bar evidence to be offered by the plaintiff in support of his racial harassment claims against the defendants, Jerry Genova, Ronald Smolinski, Kelley Matthews, and Henry Urbanek, which occurred prior to 6/16/95 [70], is denied. As indicated at the final pretrial conference, the court will limit both parties' presentation of evidence to a period 1993 forward.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 28 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 2/27/2001 | |
| | Copy to judge/magistrate judge. | 01 FEB 27 PM 12:26 | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD ALVARADO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JERRY GENOVA, Individually and in his )<br>official capacity as Mayor of Calumet City, )<br>Illinois; RONALD SMOLINSKI, Individually )<br>and in his official capacity as a police officer for )<br>the Calumet City, Illinois Police Department; )<br>KELLEY MATTHEWS, Individually and in his )<br>official capacity as a police officer for )<br>the Calumet City, Illinois Police Department; )<br>HENRY URBANEK, Individually and in his )<br>official capacity as a police officer for )<br>the Calumet City, Illinois Police Department; )<br>THE CITY OF CALUMET CITY, ILLINOIS, )<br>a municipal corporation. )<br>)<br>Defendants. ) | Case No. 98 C 2327 |

## MEMORANDUM OPINION AND ORDER

Defendants, Jerry Genova, Ronald Smolinski, Kelley Matthews and Henry Urbanek have filed a motion in limine to bar any testimony and/or evidence to be offered by plaintiff Richard Alvarado of harassment which occurred prior to June 16, 1995 in support of his racial harassment claims. "Under Title VII, a plaintiff has 300 days from the occurrence of an allegedly discriminatory act in which to file a timely charge either with the federal Equal Employment Opportunity Commission or the appropriate state agency." *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir. 1999). "Generally, a plaintiff is only allowed to base a Title VII suit on conduct within the limitations period." *Id.* Defendants assert that plaintiff's Amended



Complaint alleges a pattern of racial harassment that spread over the period 1980 through 1997 but that plaintiff did not file an EEOC Complaint until April 12, 1996 and, therefore, that plaintiff is time-barred from relying on any testimony and/or evidence of harassment prior to June 16, 1995 (300 days prior to the filing of the EEOC Complaint). Plaintiff responds that defendants' motion is an attempt to assert an affirmative defense that defendants failed to raise earlier and is, therefore, waived. The court agrees and denies defendants' motion.

As have other courts that have been presented with a newly advanced affirmative defense in a motion for limine when the motion could have been brought earlier, this court finds such motion untimely under Fed. R. Civ. P. ("Rule") 8(c)[1] and 12(b)[2], which require affirmative defenses to be advanced at the first opportunity and when it is not, it is deemed waived. *See, e.g., Atkinson v. General Research of Elecs., Inc.*, 24 F. Supp. 2d 894, 896 (N.D. Ill. 1998) (denying motion in limine asserting statute of limitations defense reasoning such defense had been waived where it had not been pled in Answer or Amended Answer) (citing cases and treatise); *Lund v. Citizens Fin. Group., Inc.*, 1999 WL 814341, *5 (D.N.H. Sept. 30, 1999) (unpublished) (denying defendants' motion in limine concerning statute of limitations because defense had been waived where it had not been pleaded in answer or amended answer, nor did defendants assert the statute of limitations in their pretrial statement or trial memorandum). Defendants did not assert a limitations defense in either their September 24, 1998 Answer to plaintiff's Amended Complaint, in which they filed an affirmative defenses but did not mention the affirmative defense of the

---

[1]Fed. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense.").

[2]Fed. R. Civ. P. 12(b) ("Every defense . . . shall be asserted in the responsive pleading . . . .").

limitations period under Title VII, nor did defendants assert that they were entitled to summary judgment on the limitations issue in their motion for summary judgment filed on April 27, 2000. Only in a subsequently filed motion for leave to file a motion for summary judgment for racial harassment claims in September 28, 2000 did defendants attempt to assert the limitations defense for the first time. However, on October 5, 2000, this court denied defendants leave to file that motion. Therefore, the court denies defendants' motion in limine.

As indicated at the final pretrial conference, however, the court will limit both parties' presentation of evidence to a period 1993 forward.

ENTER: _____
United States District Judge

Date: February 26, 2001